UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ANTIONETTE THOMAS LOVE,<br><br>    Debtor,<br><br>ANTIONETTE THOMAS LOVE,<br><br>    Appellant,<br><br>    v.<br><br>PACIFICA SEACOVE, LP,<br><br>    Appellees. | No.   CV 16-1362 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 2:13-bk-32142-WB<br>Adversary Proceeding No. 2:13-ap-1933-WB |

Before the Court is an appeal filed by Antionette Thomas Love ("Appellant"). In the course of her chapter 13 bankruptcy, Appellant initiated an adversary proceeding against appellee Pacifica Seacove LP ("Pacifica"). Appellant now challenges the decision by the United States Bankruptcy Court for the Central District of California to dismiss the adversary proceeding with prejudice. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.   Background**

On October 25, 2012, Pacifica purchased a single family residence located at 9617 South 2nd Avenue, Inglewood, California 90305 (the "Property") at a trustee's sale.

(Appellant's Excerpts of Record ("AER") at 195.) Pacifica received a Trustee's Deed Upon Sale, which it recorded on November 30, 2012. (Id. at 205-207.)

On December 12, 2012, Pacifica filed an unlawful detainer action against Appellant and others residing at the Property, Pacifica Seacove LP v. Marlon Anthony et al., Case No. 12L02956. (Id. at 200-202.) Prior to filing the unlawful detainer complaint, Pacifica served all occupants of the Property with a notice to quit pursuant to California Code of Civil Procedure § 1161. (Id. at 196.) On August 6, 2013, a default judgment was entered in favor of Pacifica. (Id. at 248.)

On September 3, 2013, Appellant filed a voluntary Chapter 13 bankruptcy petition. (Id. at 1.) A week later, on September 10, 2013, Los Angeles County sheriffs deputies executed a writ of possession against Appellant and others residing at the Property. (Id. at 37.) Appellant filed an adversary proceeding against Pacifica on September 12, 2013, contending that Pacifica had willfully violated the bankruptcy court's automatic stay by directing sheriffs deputies to execute the writ of possession despite Appellant's bankruptcy proceeding. (Id. at 29-41.)

Appellant filed a motion for summary judgment in the adversary proceeding on June 17, 2014. (Id. at 56-183.) The Bankruptcy Court granted the motion, concluding that Appellant's post-petition eviction was a wilful violation of the automatic stay. (Id. at 285-294.) In so concluding, the Bankruptcy Court relied heavily on a "strikingly similar" case, In re Perl, 513 B.R. 566, 575 (9th Cir. B.A.P. 2014). (See id. at 290-91.) However, after the Bankruptcy Court granted Appellant's motion for summary judgment, the Ninth Circuit reversed the Bankruptcy Appellate Panel's decision in In re Perl. See In re Perl, 811 F.3d 1120, 1123 (9th Cir.), cert. denied sub nom. Perl v. Eden Place, LLC, 137 S. Ct. 39, 196 L. Ed. 2d 27 (2016). In doing so, the Ninth Circuit reasoned that after an unlawful detainer judgment is entered against an occupying resident, the resident has neither a legal nor equitable interest in the property which is protectable under an automatic bankruptcy stay. See id. at 1130.

The Bankruptcy Court then issued an Order to Show Cause why Appellant's adversary proceeding should not be dismissed in light of the Ninth Circuit's decision in In re Perl. (AER at 325-326.) After holding a hearing on the Order to Show Cause and considering briefing from the parties, the Bankruptcy Court reversed its prior determination and concluded that the automatic stay was not violated, and therefore dismissed the adversary proceeding. (Id. at 339-40, 383-85.)

Presently before the Court is Appellant's appeal of the Bankruptcy Court's order dismissing the adversary proceeding.

## II. Jurisdiction

This Court possesses appellate jurisdiction over a Bankruptcy Court's final order dismissing an adversary proceeding with prejudice. See 28 U.S.C. § 158(a); In re SK Foods, L.P., 676 F.3d 798, 801 (9th Cir. 2012).

## III. Standard of Review

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." In re Mwangi, 764 F.3d 1168, 1173 (9th Cir. 2014). The Bankruptcy Court's decision may be affirmed on any ground finding support in the record. In re Frontier Properties, Inc., 979 F.2d 1358, 1364 (9th Cir. 1992).

The Bankruptcy Court's legal conclusions are reviewed de novo, while factual findings are reviewed for clear error. Greene v. Savage, 583 F.3d 614, 618 (9th Cir. 2009). "A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010).

## IV. Discussion

The central issue in this appeal is whether Appellant held any legal or equitable interest in the property when sheriffs deputies executed the writ of possession and evicted Appellant from the Property. As explained below, the Court concludes that the unlawful detainer judgment, which was entered before Appellant filed her bankruptcy petition, deprived Appellant of any interest in the Property. As a result, Pacifica did not violate the

automatic stay by evicting Appellant. The Court therefore affirms the Bankruptcy Court's dismissal of Appellant's adversary proceeding with prejudice.

### A. In re Perl

Because of its relevance to this appeal, the Court will first examine In re Perl. There, after Sholem Perl defaulted on his mortgage payments, his home was sold through a non-judicial foreclosure sale to Eden Place. In re Perl, 811 F.3d at 1123. Eden Place then took steps to evict Perl from the property, including securing a judgment of possession in an unlawful detainer action and directing sheriffs deputies to post a lockout notice at the property. Id. In response, Perl filed a chapter 13 bankruptcy petition and claimed that any further eviction attempts would violate the terms of the bankruptcy court's automatic stay. Id. Despite this, sheriffs deputies evicted Perl. Id. at 1124. Perl initiated an adversary proceeding against Eden Place and the bankruptcy court determined that Eden Place had violated the terms of the automatic stay because Perl retained a protected interest in his home despite the fact that Eden Place has lawfully purchased the property at a trustee's sale and obtained a judgment and writ of possession. Id. The bankruptcy court's determination was affirmed on appeal by the Bankruptcy Appellate Panel. Id.

Eden Place then appealed to the Ninth Circuit, which framed the issue before it as:

> [T]he question in this case is whether Perl had any remaining legal or equitable possessory interest in the property after Eden Place properly recorded the trustee's deed from the non-judicial foreclosure sale, and after the state court fully adjudicated in the unlawful detainer proceedings Perl's remaining possessory interest in the premises.

Id. at 1127. The Ninth Circuit found that "Perl had no remaining legal interest in the property because, when Eden Place purchased the property at the foreclosure sale and recorded its deed within fifteen days of the sale, any legal interest Perl retained in the property was extinguished." Id. at 1128 (citing Wells Fargo Bank v. Neilsen, 178 Cal. App. 4th 602, 613-14, 100 Cal. Rptr. 3d 547, 554 (2009) and Cal. Civ. Code § 29244h(c)).

The Ninth Circuit then turned to whether Perl retained any equitable possessory rights, as the lower courts had found. In re Perl, 811 F.3d at 1128. The Court examined California's unlawful detainer statutory scheme and concluded "that under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue." Id. at 1127–28. The Court reasoned that:

> The flaw in the bankruptcy court's analysis is that the unlawful detainer proceedings under § 1161a are expressly designed to determine who has superior title to the property, including the right to immediate possession. As a result, the prevailing party in the unlawful detainer proceeding under § 1161a has "better title" than the evicted resident. The conclusion that the occupying resident retains an equitable possessory interest is inconsistent with § 1161a, which contemplates a final and binding adjudication of legal title and rights of immediate possession.

Id. at 1130 (internal citations omitted). As a result, the Ninth Circuit concluded that Perl's eviction did not violate the automatic stay and reversed the bankruptcy court's order to the contrary. Id.

### B. Application of In re Perl

Here, just as in In re Perl, the property where Appellant resided was sold at a trustee's sale. Compare In re Perl, 811 F.3d at 1123 with (AER at 195.) The purchaser of the property then initiated unlawful detainer actions against the occupying residents, and secured a judgment and writ of possession. Compare In re Perl, 811 F.3d at 1123 with (AER at 200-202, 248.) The aggrieved resident then filed a chapter 13 bankruptcy petition and asserted that any further attempts at eviction would constitute a violation of the bankruptcy court's automatic stay. Compare In re Perl, 811 F.3d at 1123-24 with (AER at 1, 29-41.)

-5-

1  Following the notice required by California law, each resident was evicted by a sheriffs
2  deputy and initiated an adversary proceeding against the property's purchaser. Compare In
3  re Perl, 811 F.3d at 1123-24 with (AER at 1, 29-41.)
4     Given these parallels, the Court agrees with the Bankruptcy Court's characterization
5  of In re Perl as "strikingly similar" to the facts of this case. (See AER at 290-91.)  As a
6  result, In re Perl is dispositive of the claims advanced in Appellant's adversary proceeding.
7  The filing of a bankruptcy petition creates the bankruptcy estate, which includes "all legal or
8  equitable interests of the debtor in property as of the commencement of the case," and
9  protects those interests through the imposition of an automatic stay. See 11 U.S.C.
10 §§ 541(a)(1), 362.  At the time of Appellant's eviction, the "entry of judgment and a writ of
11 possession following unlawful detainer proceedings extinguishe[d] all other legal and
12 equitable possessory interests in the real property at issue." See In re Perl, 811 F.3d at 1127-
13 28.  Therefore, when Appellant filed her bankruptcy proceeding she had already been
14 divested of any legal or equitable possessory interest in the Property.  Accordingly, the Court
15 concludes that Pacifica did not violate the bankruptcy court's automatic stay.

16     **C.**     **Appellant's Attempts to Distinguish In re Perl**

17     Recognizing that In re Perl is a death knell to the claims asserted in her adversary
18 proceeding, Appellant advances several arguments in an attempt to distinguish the present
19 case.
20     First, Appellant points out that Pacifica has never sought relief from the automatic
21 stay. (Appellant's Opening Brief, First Amended ("AOB"), 15.)  In re Perl is once again
22 instructive as to the flaws in Appellant's argument.  There, Eden Place filed a motion for
23 relief from the automatic stay, but did not obtain a ruling on its motion before evicting Perl.
24 See In re Perl, 811 F.3d at 1124.  The Court finds little practical difference between not
25 filing a motion for relief from the automatic stay before evicting a resident – as Pacifica did
26 here – and filing a motion for relief from the automatic stay but not learning of the court's
27 ruling on the motion before evicting the resident – as Eden Place did in In re Perl.  Although
28 it may have been a wiser choice to seek relief from the stay before evicting Appellant, the

failure to do so does not operate as a de facto violation of the automatic stay. Instead, the relevant inquiry is whether Pacifica violated the terms of the automatic stay by intruding on Appellant's legal or equitable interest in the property. As <u>In re Perl</u> makes clear, no such intrusion occurred, and Pacifica's failure to seek relief from the stay is therefore irrelevant.

Second, Appellant contends that because <u>In re Perl</u> concerned only the automatic stay protections found in 11 U.S.C. § 362(a)(3), its holding is inapplicable here because Appellant also asserts a right to the protections found in 11 U.S.C. §§ 362(a)(1) & (2).[1/] (AOB at 17-18.) However, Appellant's argument is unpersuasive because 11 U.S.C. § 362(a) does not enlarge or modify the substantive interests encompassed by the bankruptcy estate, and instead only delineates the different types of actions or proceedings which are subject to the automatic stay. Because the Court has already concluded that Appellant lacks any interested protected by the automatic stay, it is immaterial how Pacifica's attempts to evict Appellant are classified.

Third, Appellant relies on the fact that she was a tenant of the foreclosed-upon Property, and not an owner as in <u>In re Perl</u>. (AOB at 19-20.) <u>In re Perl</u> makes clear that "the

---

[1/] 11 U.S.C. § 362(a) provides that the filing of a bankruptcy petition operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a).

-7-

prevailing party in the unlawful detainer proceeding under § 1161a has 'better title' than the <u>evicted resident</u>." 811 F.3d at 1130 (emphasis added); <u>see also id.</u> ("The conclusion that the <u>occupying resident</u> retains an equitable possessory interest is inconsistent with § 1161a which contemplates a final and binding adjudication of legal title and rights of immediate possession.") (emphasis added).  Appellant's argument is therefore once again foreclosed by <u>In re Perl</u>, whose holdings applies to any evicted resident.

Finally, Appellant advances a number of arguments as to why <u>In re Perl</u> was wrongly decided.  (AOB at 21-23.)  The Court declines to address these arguments because it lacks the power to overrule binding Ninth Circuit precedent.

**Conclusion**

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's dismissal, with prejudice, of Appellant's adversary proceeding.

DATED:  March 27, 2017

                                                      Percy Anderson
                                        UNITED STATES DISTRICT JUDGE